IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEFFREY A. PLEASANT,

    Petitioner,

v.                                    Civil Action No. 3:15CV218

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

    Jeffrey A. Pleasant, a Virginia inmate proceeding pro se, has filed numerous frivolous attempts to challenge his state and federal convictions. By Memorandum Opinion and Order entered January 28, 2014, the Court dismissed a prior 28 U.S.C § 2241 petition by Pleasant challenging his 622-month federal sentence as a successive, unauthorized 28 U.S.C. § 2255 motion. See Pleasant v. Cuccinelli, No. 3:12CV731, 2014 WL 353405, at *1-2 (E.D. Va. Jan. 28, 2014). In that Memorandum Opinion, the Court noted that Pleasant claimed his federal "Project Exile prosecution" was invalid because his "state arrest for the six (6) state felony offenses [was] never resolved . . . ." Id. at *1 (citation omitted) (internal quotation marks omitted). The Court noted that Pleasant "represent[ed] that he wishe[d] to challenge the decisions of the Circuit Court of the City of Richmond . . . with respect to, inter alia, CR00-362-F, CR00-363-F[, and] CR00-364-F.'" Id. at *1 n.2 (third alteration in

original). Nevertheless, the Court explained that Pleasant "fail[ed] to specify how these cases resulted in a present restraint upon his liberty" and that his submissions demonstrated that the Commonwealth had withdrawn those indictments. Id. In addition to the above-described § 2241 petition, Pleasant has inundated the Court with post-conviction motions challenging his federal convictions and state charges. See, e.g., Pleasant v. Clarke, No. 3:14CV144 (E.D. Va. Nov. 26, 2014); Pleasant v. Clarke, No. 3:14CV266 (E.D. Va. Nov. 26, 2014); United States v. Pleasant, Nos. 3:00CR71, 3:13CV289, 2013 WL 2950522, at *1 (E.D. Va. June 13, 2013).

Having met with no success with his prior frivolous petitions, Pleasant now attempts a new strategy to attack his federal conviction and state charges. Pleasant brings this "NOTICE OF REMOVAL" of state case numbers "CR0000362F- through 364F, and CR00F010126 through CR00F01026- through 1027, and Case No. 3:00CR71." (ECF No. 1, at 1.) Pleasant attaches a state petition for a writ of habeas corpus that does not appear to have been filed in state court. (ECF No. 1-1, at 1.) In this "NOTICE OF REMOVAL" Pleasant explains that he seeks to challenge the presumption that "the six (6) state feloney [sic] offenses were dismissed by the Richmond Circuit Court on July 19, 2000." (ECF No. 1, at 2.)

2

As the Court has explained <u>ad</u> <u>nauseam</u> to Pleasant, any attempt to challenge his federal criminal convictions, no matter the label, will be dismissed as a successive, unauthorized 28 U.S.C. § 2255 motion. <u>See</u> <u>Pleasant</u>, 2014 WL 353405, at *1-2; <u>Pleasant</u>, 2013 WL 2950522, at *1 (dismissing frivolous "NOTICE OF HEARING MOTION TO REMAND" as a successive, unauthorized § 2255 motion); <u>see</u> <u>also</u> <u>Melton v. United States</u>, 359 F.3d 855, 857 (7th Cir. 2004).

Moreover, as previously explained, to the extent Pleasant intends to challenge offenses in the Circuit Court of the City of Richmond, he fails to identify a judgment and conviction that resulted in a present restraint on his liberty. <u>See</u> <u>Pleasant</u>, 2014 WL 353405, at *1-2.

Pleasant offers no basis upon which he can challenge dismissed state charges, his federal criminal conviction, or an unfiled state habeas corpus petition in the Court in his "NOTICE OF REMOVAL." Accordingly, Pleasant's "NOTICE OF REMOVAL" will be denied and the action will be dismissed.

Because of Pleasant's history of abusive filings challenging his federal conviction and state charges, the Court finds that Pleasant has abused the writ of habeas corpus.[1] From

---

[1] The Court also notes that Pleasant has at least two additional pending actions before the Court labeled as a § 2241 petition and a § 2254 petition, that similarly appear to challenge his federal convictions and state charges. <u>See</u>

3

this point forward, before the Court will review <u>any</u> <u>new</u> <u>action</u> challenging his federal conviction or state charges in the Circuit Court of the City of Richmond, no matter what Pleasant labels the action, Pleasant must do the following:

> Attach to the front of any filing, a document labeled "Certificate of Compliance" that contains:
> a. A brief summary, not to exceed one (1) page, explaining why the Court has jurisdiction to consider his current submission;
> b. A certification that he challenges a judgment of conviction that results in a present restraint on his liberty; and
> c. A certification that the claims he presents are new claims never before raised and set forth why each claim could not have been raised in his previous action.

Pleasant's failure to comply with the above directives will result in summary dismissal of the new action.

The Clerk is directed to send a copy of the Memorandum Opinion to Pleasant.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 21, 2015

---

Pleasant v. Clarke, No. 3:14CV783 (E.D. Va. filed Nov. 18, 2014); Pleasant v. Clarke, No. 3:14CV804 (E.D. Va. filed Nov. 26, 2014)