```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                           Richmond Division
```

JEFFREY A. PLEASANT,

    Petitioner,

v.                                Civil Action No. 3:15CV218

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on April 21, 2015, the Court denied Jeffrey A. Pleasant's Notice of Removal and dismissed the action as frivolous. Noting a history of frivolous and abusive filings by Pleasant, the Court explained that "[f]rom this point forward, before the Court will review <u>any new action</u> challenging his federal conviction or state charges in the Circuit Court of the City of Richmond, no matter what Pleasant labels the action, Pleasant must" file a "Certificate of Compliance" containing certain components. (ECF No. 4, at 1.) The Court explained that Pleasant's failure to comply with those directives would result in summary dismissal of the new action. (<u>Id.</u>)

On May 18, 2015, the Court received from Pleasant a Federal Rule of Civil Procedure 59(e) Motion ("Rule 59(e) Motion"). On July 9, 2015, the Court received a Motion to Amend the Rule

59(e) Motion in which he seeks to add exhibits. The Motion to Amend (ECF No. 8) will be granted. As explained below, the Rule 59(e) Motion will be denied.

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Pleasant claims that the Court abused its discretion and violated Federal Rule of Civil Procedure 11 when it placed the new requirement that Pleasant must file a "Certificate of Compliance" with his future filings. Pleasant argues that the Court was required to permit him notice and an opportunity to be heard before issuing the sanction. Contrary to Pleasant's belief, the Court placed no sanction on Pleasant. The Court's directive to file a "Certificate of Compliance" is not a prefiling injunction. Pleasant remains free to file new actions and is not required to seek leave of the Court prior to filing. Instead, Pleasant must only comply with the Court's directives as outlined in its April 21, 2015 Order.

2

Nevertheless, by Memorandum Order entered August 5, 2015, the Court allowed Pleasant, within fifteen (15) days of the date of entry thereof, to file a response to the Court's April 21, 2015 Order, offering any reason for why he believes the Court should not order the filing restriction. Pleasant has not responded.

Thus, Pleasant fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 7) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Pleasant.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 9, 2015